UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| XTRA LEASE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV2041RWS |
| | ) | |
| CENTURY CARRIERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

Plaintiff Xtra Lease LLC filed this lawsuit for breach of contract against Defendant Century Carriers, Inc. in the Circuit Court of St. Louis County, Missouri. Although the contract contained a forum selection clause wherein the parties agreed to submit to the jurisdiction of the Circuit Court of St. Louis County, Missouri, Century Carriers removed the lawsuit to federal court on the basis of diversity jurisdiction. Xtra Lease has moved to remand the lawsuit to Missouri state court. Because the forum selection clause unambiguously prohibits Century Carriers from objecting to venue in the Circuit Court of St. Louis County, Missouri, I will grant Xtra Lease's motion to remand this lawsuit to state court.

*Background*

On October 21, 2009, Plaintiff Xtra Lease LLC filed this lawsuit for breach of contract against Defendant Century Carriers, Inc. in the Circuit Court of St. Louis County, Missouri. The agreement[1] includes contractual "Standard Terms and Conditions." The Standard Terms and Conditions contains the following forum selection clause:

> 30.  CHOICE OF LAW.
>
> This Agreement shall be governed by the internal substantive laws of the State of Missouri, without regard to conflicts of laws provisions. **The parties hereby agree to submit to the jurisdiction of the Circuit Court of St. Louis County, Missouri for purposes of adjudicating any action arising out of the Lease, and hereby waive, to the fullest extent permitted by law, any objection to the laying of venue of any action arising out of the Lease therein.** Any action arising out of the Lease may be properly filed in the Circuit Court of St. Louis County, Missouri; however, XTRA Lease reserves its right to bring suit in any other appropriate jurisdiction. (Emphasis added).

On December 14, 2009, Century Carriers removed the lawsuit to the United States District Court for the Eastern District of Missouri on the basis of diversity

---

[1] Although Century Carriers refers to the Standard Terms and Conditions as an "alleged contract," Century Carriers does not argue that the forum selection clause is invalid on the basis that no valid contract exists. Instead, Century Carriers argues that the relevant contractual provision does not contain language constituting a waiver. Because there is no assertion that the Standard Terms and Conditions are inapplicable to the parties' agreement, I will treat the document as part of the contract for purposes of this decision.

-2-

jurisdiction. On January 12, 2010, Xtra Lease moved to remand, claiming that although diversity jurisdiction exists, Century Carriers agreed to waive any objection to the laying of venue in the Circuit Court of St. Louis County, Missouri.

*Discussion*

Parties may contractually agree to waive the right to remove a case to federal court, but the waiver must be "clear and unequivocal." Weltman v. Silna, 879 F.2d 425, 427 (8th Cir. 1989). An agreement where the parties consent to jurisdiction in state court, but do not address removal does not qualify as a clear and unequivocal waiver. Id. But where "the contract states that the parties waive any objections to the laying of venue in any court in Missouri," the forum selection clause unambiguously prohibits the defendant "from objecting to venue by removing the case to federal court." iNet Directories, LLC v. Developershed, Inc., 394 F.3d 1081, 1082 (8th Cir. 2005).

Other district courts have interpreted Weltman and iNet to mean that a simple agreement that venue is proper in a certain forum does not waive the right to removal, but a clause waiving any right to object amounts to a "clear and unequivocal" waiver of the right to removal. See, e.g., Mihlfeld & Assocs., Inc. v. Glock, Inc., No. 05-3085-CV-S-ODS (W.D. Mo. Apr. 27, 2005); Citimortgage, Inc.

v. Loan Link Financial Servs., No. 4:07CV1898SNL (E.D. Mo. Mar. 12, 2008). I agree that approach best harmonizes the two decisions.

The forum selection clause in iNet stated, "The Parties hereby irrevocably waive any and all objections which any Party may now or hereafter have to the exercise of personal and subject matter jurisdiction by the federal or state courts in the State of Missouri and to the laying of venue of any such suit, action or proceeding brought in any such federal or state court in the State of Missouri." Id. at 1081. The district court enforced the forum selection clause and remanded the case. Id. at 1081–82. The Eighth Circuit agreed that the clause unambiguously waived any objection to venue in Missouri state court, including removal to federal court, and affirmed the district court's decision. Id. at 1082.

Xtra argues that removing a case from state to federal court constitutes an objection to the laying of venue and urges me to follow iNet. Century Carriers argues that iNet is not well-reasoned because the contract in iNet did not contain a waiver of the right to removal to federal court. Century Carriers also argues that iNet is factually distinct from this case and is "legally incorrect."[2]

---

[2] Curiously, Century Carriers argues that the facts of Weltman are analogous to those in this case. Century Carriers acknowledges, however, that Weltman did not identify the contractual language. Century Carriers does not explain how, in the absence of the contractual language, it determined that the facts in Weltman were analogous to this case.

The iNet decision is neither factually distinct from this case nor legally incorrect.[3] The contractual provision in iNet provided that the parties waive objections "to the laying of venue of any such suit, action or proceeding brought in any such federal or state court in the State of Missouri." In this case, the contractual provision provided that the parties "waive, to the fullest extent permitted by law, any objection to the laying of venue of any action arising out of the Lease [in the Circuit Court of St. Louis County, Missouri.]" Like the clause in iNet, here, the clause plainly precludes a party from objecting to venue by removing a case to federal court once the suit is brought in a Missouri state court. Although neither clause specifically mentions removal, both clauses clearly and unequivocally waive the right to object to the laying of venue in the state court.

Xtra Lease was entitled to bring this lawsuit in the Circuit Court of St. Louis County, Missouri. Once the lawsuit was filed there, the forum selection clause prohibited Century Carriers from objecting to venue. Because Century Carriers contractually waived its right to remove the lawsuit to this Court, removal was improper. As a result, I will grant Xtra's motion to remand this lawsuit to the Circuit Court of St. Louis County, Missouri.

---

[3] Even if I believed that iNet is "legally incorrect" (which I do not), Century Carriers' argument is not one that I could remedy. The iNet decision is the law of this circuit and only the Supreme Court or the Eighth Circuit en banc can overturn it.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Xtra Lease, LLC's motion to remand [#4] is **GRANTED**.

Dated this 2nd Day of February, 2010.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE